UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AND RENATE DEMARTINI,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS CHRISTOPHER JOHNS, ET AL.,<br><br>Defendants. | Case No.: 3:12-cv-03929-JCS<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION [Docket No. 8]** |

## I. INTRODUCTION

Plaintiffs initiated this action in the Superior Court for the State of California, in the County of Marin ("the State Court Action"). Defendants removed the action to this Court on the basis of diversity jurisdiction and now bring a Motion to Compel Arbitration and Dismiss or Stay Proceeding Pending Arbitration ("the Motion"). The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule7-1(b) and therefore **vacates the motion hearing set for October 30, 2012 at 1:30 p.m. The Court also vacates the Case Management Conference set for the same place and time**. For the reasons stated below, the Motion is GRANTED and this action is DISMISSED without prejudice.

## II. BACKGROUND

### A. The Complaint

Plaintiffs Michael and Renate DeMartini filed a form complaint in the State Court Action naming as defendants Thomas Christopher John and Johns & Allyn, a professional corporation. Notice of Removal, Ex. A. In the complaint, Plaintiffs allege that they entered into a written contract under which Defendants agreed to provide legal services and represent Plaintiffs in two

state court actions. *Id*. at 3. Plaintiffs further allege that between October 2008[1] and September 2011, Defendants "failed to represent Plaintiff[s], failed to comply with the terms of the agreement, breached the fiduciary duty to Plaintiff[s] and [were] negligent and, thus expressly and/or impliedly breach[ed] the contract." *Id*. Plaintiffs assert causes of action for breach of contract, negligence and breach of fiduciary duty. *Id*.

### B. The Motion

In the Motion, Defendants assert that Plaintiffs' claims are subject to arbitration under the written fee agreement between the parties, signed by Plaintiff Michael DeMartini on October 24, 2008 and by Plaintiff Renate DeMartini on November 7, 2008. Motion at 3 (citing Declaration of T. Christopher Johns in Support of Defendants' Motion to Compel Arbitration and Stay or Dismiss Proceedings Pending Arbitration ("Johns Decl."), ¶ 3 & Ex. A (Attorney-Client Fee Agreement ("Fee Agreement"))). According to the Fee Agreement, Johns & Allyn were to provide Plaintiffs with legal representation in two actions pending in Marin County Superior Court at agreed-upon hourly rates. *Id*. The Fee Agreement contains an arbitration provision that states as follows:

> 5. <u>Arbitration</u>. Any dispute concerning Attorneys' compensation, including payment of attorneys fees and costs, will be resolved by arbitration under Business and Professions Code Sections 6200-6206, in accordance with the rules and procedures of the fee arbitration program of the Marin County Bar Association. Any dispute regarding a claim of attorney malpractice will be resolved by binding arbitration in accordance with the rules and procedures of the American Arbitration Association. Attorneys note that Clients understand and acknowledge that, by agreeing to binding arbitration, Clients waive the right to submit the dispute for determination by court or jury trial. The prevailing party in any action or proceedings hereunder will be awarded its reasonable attorney's fees and costs incurred in the action or proceeding.

Johns Decl., Ex. A, ¶ 5. The Fee Agreement further provides that the effective date of the agreement is October 23, 2008. *Id*., ¶ 6.

---

[1] In support of the breach of contract claim, Plaintiffs allege the relevant conduct began on October 24, 2008. The negligence and breach of fiduciary duty claims, on the other hand, allege that the relevant conduct began on October 23, 2008.

On July 7, 2010, Plaintiffs signed an amendment to the Fee Agreement in which Plaintiffs agreed to pay a fixed fee for continued representation rather than paying fees on an hourly rate basis. Johns Decl., ¶ 5 & Ex. B ("First Amendment"). The First Amendment did not address the arbitration provision in the original Fee Agreement and stated that "[a]ll other terms and conditions of the original Attorney-Client Fee Agreement, except as modified by this Amendment, shall remain in full force and effect." *Id*. On April 4, 2011, Plaintiffs signed another amendment to the Fee Agreement extending their agreement with Johns & Allyn to have Defendants continue legal representation of them in Marin County Superior Court on a fixed-fee basis through trial. *Id*., ¶ 6 & Ex. C ("Second Amendment"). Like the First Amendment, the Second Amendment did not address the arbitration provision and stated that "[a]ll other terms and conditions of the original Attorney-Client Fee Agreement, except as modified by this Second Amendment, shall remain in full force and effect." *Id*.

According to Defendants, the Court should enforce the arbitration provision in the Fee Agreement under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, because the arbitration provision is valid and covers the disputes in question. Motion at 6-7. Defendants further request that the Court dismiss, or in the alternative, stay the action pending arbitration.

In their Opposition, Plaintiffs contend that the FAA does not apply and that the arbitration provision in the Fee Agreement should not be enforced because "[p]rior to Defendants presenting the Fee Agreement to Plaintiffs there was no mention of an agreement to arbitrate."[2] Opposition at 2. According to Plaintiffs, Defendants "began legal representation on or before October 23, 2008." Plaintiffs further state that "Defendants undertook representation of Plaintiffs prior to explaining, or even mentioning, an agreement to arbitrate claims for malpractice." *Id*. Plaintiffs also point to the fact that the amendments to the Fee Agreement do not contain arbitration provisions. *Id*.

---

[2] The Court notes that Plaintiffs have not submitted any evidence, such as a sworn declaration, in support of the factual assertions contained in their Opposition brief. Even if the factual assertions in their Opposition brief were supported by admissible evidence, however, the result would be the same.

3

According to Plaintiffs, the arbitration provision in the original Fee Agreement is not valid because Plaintiffs were already existing clients of Defendants at the time they signed the Fee Agreement and therefore, Defendants had an ethical duty to fully disclose the arbitration provision – a duty Plaintiffs contend was not met by Defendants. *Id*. at 3-4. Plaintiffs also suggest that the arbitration provision in the original Fee Agreement did not survive termination of the Fee Agreement because the arbitration provision did not specifically state as much. *Id*. at 3.

Plaintiffs further assert that even if the arbitration provision was valid as to claims arising out of legal representation provided under the hourly rate agreement, it was not enforceable once the parties amended the agreement to move to fixed-fee representation because Defendants did not fully disclose that the arbitration provision applied to the fixed fee amendments. *Id*. at 4.

Finally, Plaintiffs argue that by removing the action to federal court, Defendants waived their right to bring a motion to compel arbitration under the Fee Agreement. *Id*. at 5. In support of this contention, Plaintiffs assert that Defendants' removal was inconsistent with the right to arbitrate and that Plaintiffs were prejudiced by the removal because the notice of removal was not served on Renate DeMartini. *Id*.

In their Reply brief, Defendants reject Plaintiffs' contention that the arbitration clause in the Fee Agreement is unenforceable. Reply at 2. According to Defendants, a court may decline to enforce an arbitration clause under the FAA where the provision is both procedurally and substantively unconscionable. *Id*. at 3 (citing *Blau v. AT&T Mobility*, 2012 U.S. Dist. LEXIS 21458 (N.D. Cal. Jan. 3, 2012); *Daoud v. Ameriprise Financial Servs.*, 2011 U.S. Dist. LEXIS 150972, at *10 (C.D. Cal. Oct. 12, 2012)). Here, Defendants assert, there is no procedural unconscionability because the arbitration provision in the Fee Agreement was clearly set forth and the Plaintiffs had "ample opportunity" to review it before signing. *Id*. at 3. Defendants note that Michael DeMartini made a correction to his fax number on the signature page of the agreement, indicating that he did, in fact, review the Fee Agreement. *Id*. (citing Johns Decl., Ex. A). Even if Plaintiffs did not read the Fee Agreement before signing it, Defendants contend, that is not a defense to the contract's enforcement. *Id*. at 4 (citing *Desert Outdoor Advertising v. Superior Court*, 196 Cal. App. 4th 866, 872 (Cal. App. 1st Dist. 2011)). Furthermore, Defendants argue,

4

there could be no procedural unconscionability because Plaintiffs were free to choose another attorney. *Id*. at 4 (citing *In re iPhone Application Litig*., 2011 U.S. Dist. LEXIS 57970, at *25 (N.D. Cal. Sept. 20, 2011)).

Similarly, Defendants argue that there was no procedural unconscionability as to the amendments to the Fee Agreement. *Id*. In particular, Defendants reject Plaintiffs' assertion that it was not clear that the Fee Agreement, as amended by the First and Second Amendments, continued to include an arbitration requirement. *Id*. Defendants point to the language in the First and Second Amendments stating that all terms and provisions other than those expressly modified in the amendment would remain the same. *Id*. at 5.

Defendants further assert that the Fee Agreement -- whether in its original or amended forms -- is not substantively unconscionable. *Id*. at 5. Substantive unconscionability is found only when an agreement is so one-sided that it shocks the conscience, Defendants contend, and the Fee Agreement does not meet that standard. *Id*.

Defendants also challenge Plaintiffs' assertion that removal to federal court resulted in a waiver of Defendants' right to compel arbitration under the Fee Agreement, citing cases in which courts have held that removal to federal court, by itself, does not give rise to waiver of the right to seek arbitration under an arbitration clause. *Id*. at 6 (citing *Madrigal v. New Cingular Wireless Servs.,* 2009 U.S. Dist. LEXIS 72416 at *43-44 (E.D. Cal. Aug. 17, 2009); *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008)). Defendants reject Plaintiffs' contention that they were prejudiced because the notice of removal was not served on Renate DeMartini, arguing that although the proof of service for the notice of removal lists only Michael DeMartini, it also shows that the notice was served at the DeMartini's shared address. *Id*. at 7. Further, Defendants argue, it is apparent from the record that Renate DeMartini had actual notice of the removal as she signed the consent to magistrate jurisdiction that was filed on August 20, 2012. *Id.* (citing *Nintendo of Am. v. NTDEC*, U.S. App. LEXIS 6246 at *7, fn 2 (9th Cir. Mar. 28, 1995) for the proposition that a proof of service is intended to aid in establishing valid service but that the validity of service is not dependent on the formal correctness of the certificate filed with the court).

## III. ANALYSIS

### A. Legal Standard – Federal Arbitration Act

The FAA espouses a general policy favoring arbitration agreements. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Section 4 of the FAA permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. In determining whether to issue an order compelling arbitration, "the court bears in mind that 'an agreement to arbitrate is a matter of contract: "it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration."'" *Golden v. Dameron Hosp. Ass'n*, 2012 WL 4208779, at * 2 (E.D.Cal., Sept. 19, 2012) (quoting *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)(quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995))); *see also AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986) ("Arbitration is a matter of contract and a party cannot be required to submit any dispute which he has not agreed so to submit"). Thus, the court looks first to the express terms of the contract. *Id*. "The court's determination is then limited to: (1) whether a valid, enforceable agreement to arbitrate exists; and (2) whether the claims at issue fall within the scope of the agreement to arbitrate." *Id*. (citing *Chiron Corp.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). "If the answer to both of these queries is affirmative, the court must order the parties to arbitrate in accordance with the terms of their agreement." *Id*. (citing 9 U.S.C. § 4).

With respect to the question of whether an arbitration agreement is valid and enforceable, courts ask whether grounds "exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening" federal law. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). In interpreting the validity and scope of an arbitration agreement, courts apply state law principles of contract formation and interpretation. See *Wolsey, Ltd. v. Foodmaker, Inc*., 144 F.3d 1205, 1210 (9th Cir.1998).

When evaluating a motion to compel arbitration, courts treat the facts as they would when ruling on a motion for summary judgment, construing all facts and reasonable inferences that can be drawn from those facts in a light most favorable to the non-moving party. *See Perez v. Maid Brigade, Inc.*, 2007 WL 2990368 at *3 (N.D. Cal. Oct. 7, 2007).

### B. Whether the Parties Agreed to Arbitrate Plaintiffs' Claims

Plaintiffs do not dispute that their claims fall within the scope of the arbitration provision in the Fee Agreement. Rather, they contend that they did not agree to arbitrate those claims. In particular, they assert that they were not aware of the arbitration provision in the original Fee Agreement and also did not understand that when they shifted to fixed-fee billing they continued to be bound by the arbitration condition. The Court rejects Plaintiffs' position.

As discussed above, a party cannot be required to submit a dispute to arbitration unless the party agreed to do so. Here, all the evidence shows that Plaintiffs agreed to submit their claims to arbitration. First, notwithstanding Plaintiffs' statements that Defendants did not tell them the Fee Agreement included an arbitration clause, the arbitration provision in the Fee Agreement is clear and straightforward. The entire agreement consists of only six paragraphs, each with a title that is underlined. The arbitration provision carries the underlined title "Arbitration" and is just above the signature lines. Furthermore, both Plaintiffs signed the agreement, reflecting that they had agreed to the terms of the contract.[3] Therefore, the Court concludes that Plaintiffs agreed to the arbitration provision in the Fee Agreement.

Similarly, the Court rejects Plaintiffs' assertion that they did not understand that when they signed the amendments to the Fee Agreement they would continue to be bound by the arbitration provision. Both amendments clearly state that the provisions of the original Fee Agreement would remain the same, except as to those provisions that were expressly changed in the amendments. Therefore, Plaintiffs' assertion that they did not agree to be bound by the

---

[3] To the extent that Plaintiffs did not read the Fee Agreement before signing it, that is not a defense to enforcement of an arbitration provision. *See Newton v. American Debt Services, Inc.*, 854 F.Supp.2d 712, 722 (N.D. Cal., 2012) (rejecting argument that party could not be bound by arbitration provision in contract she had signed because she was not aware of arbitration clause on the back side of the contract and noting that "[i]n California, a party cannot avoid the terms of a contract on the grounds that he or she failed to read it before signing") (citations omitted).

7

arbitration provision once the fee arrangement was changed from hourly billing to a fixed fee is flatly contradicted by the express language of the First and Second Amendments.

Finally, Plaintiffs have presented no evidence that the arbitration provision was procured by fraud or duress or was unconscionable.[4] Therefore, the Court concludes that there is a valid agreement to arbitrate the claims asserted by Plaintiffs in the State Court Action.

### C. Whether the Right to Compel Arbitration has been Waived

Plaintiffs contend that by removing to federal court, Defendants waived their right to seek enforcement of the arbitration provision. Plaintiffs are incorrect.

"Courts in California . . . have recognized that when the FAA applies, whether a party has waive[d] a right to arbitrate is a matter of federal law not state substantive law." *Madrigal v. New Cingular Wireless Services, Inc.*, 2009 WL 2513478, at *8 (E.D.Cal., Aug. 17, 2009). Under federal law, waiver of a right to arbitrate occurs where a party can demonstrate : "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir.2005). Because the right to arbitration is a contractual right, a party arguing waiver of that right bears a "heavy burden of proof." *U.S. v. Park Place Associates, Ltd*., 563 F.3d 907, 921 (9th Cir. 2009). Further, numerous courts have held that merely removing a case to federal court, where the defendant has not engaged in protracted litigation or obtained discovery, does not give rise to waiver of the right to arbitrate because removal alone is not sufficiently inconsistent with the right to seek arbitration and does not give rise to prejudice. *See Halim v. Great Gatsby's Auction Gallery, Inc*., 516 F.3d 557, 562 (7th Cir.2008) (holding that removal did not constitute a waiver); *PPG Indus., Inc. v. Webster Auto Parts Inc.,* 128 F.3d 103, 107 (2d Cir.1997) (noting that "a party waives its right to arbitration when it engages in protracted litigation that prejudices the opposing party"); *Great W. Mortgage Corp. v. Peacock*, 110 F.3d 222, 233 (3d Cir. 1997) ("Indeed, a party waives the right

---

[4] Because Plaintiffs did not assert in their Opposition brief that the arbitration provision was unconscionable, the Court does not address here the specific arguments raised by Defendants as to unconscionability. Suffice it to say, Plaintiffs have presented no evidence that the arbitration provision is either procedurally or substantively unconscionable.

to compel arbitration only in the following circumstances: when the parties have engaged in a lengthy course of litigation, when extensive discovery has occurred, and when prejudice to the party resisting arbitration can be shown."); *Creative Telecomms., Inc. v. Breeden*, 120 F.Supp.2d 1225, 1232 (D.Haw.1999) ("Courts have found that the filing of a complaint, an answer, a counterclaim or a third-party complaint does not waive the right to pursue arbitration"). As Defendants removed this action promptly and did not engage in any discovery, the Court finds that the removal does not constitute a waiver.

### D. Whether the Arbitration Clause Survives Termination of the Agreement

Plaintiffs suggest that the arbitration clause did not survive the termination of the Fee Agreement. It appears that this argument is based on the (incorrect) assumption that the amendments signed by Plaintiffs somehow resulted in termination of the original Fee Agreement. Even if this were true, the argument fails. "An arbitration clause can . . . fail where a subsequent agreement supersedes the arbitration clause with a 'clear and specific waiver.'" *Homestake Lead Co. of Missouri v. Doe Run Resources Corp.*, 282 F.Supp.2d 1131, 1142 (N.D.Cal., 2003) (quoting *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 75 (2d Cir.1997)). However, "[a]bsent the explicit intention to rescind an arbitration clause . . .the clause will survive even where the prior agreement itself is rescinded by the latter agreement." *Id.* (citing *Berkery v. Cross Country Bank*, 256 F.Supp.2d 359, 368–69 (E.D. Pa. 2003)). In this case, the First and Second Amendments clearly state that the provisions of the original Fee Agreement shall remain in effect except as otherwise stated. Nor is there any other evidence indicating that the parties intended to rescind the arbitration clause. Therefore, the arbitration clause remains valid and enforceable.

### E. Whether the Action Should be Stayed or Dismissed

In light of the Court's conclusion that Plaintiffs' claims are subject to arbitration, the only remaining question is whether the action should be stayed or dismissed. Under the FAA, a court may grant a stay pending resolution of arbitration. *See* 9 U.S.C. § 3. However, the FAA does not limit the court's authority to dismiss a case, especially when "all claims are barred by an arbitration clause." *Burnett v. Macy's West Stores, Inc.*, 2011 WL 4770614, at * 5 (E.D.Cal., Oct. 7, 2011) (quoting *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir.1988)).

Because all of the claims asserted in this case must be arbitrated, leaving no claims to be resolved following arbitration, the Court concludes that dismissal of this action is appropriate.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to compel arbitration and DISMISSES this action without prejudice to refiling should further proceedings be necessary following the completion of arbitration.

IT IS SO ORDERED.

Dated: October 9, 2012

_____
Joseph C. Spero
United States Magistrate Judge