MICHAEL J. DEMARTINI
3362 Meridian Ct.
Reno, Nevada 89509
Tel: 775-323-7202
Fax: 775-323-8354

Michael J. DeMartini, pro se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| MICHAEL DEMARTINI et al<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS CHRISTOPHER JOHNS et al,<br><br>    Defendant. | Case No.: CV12-03929 JCS<br><br>PLAINTIFF MICHAEL DEMARTINI'S NOTICE OF MOTION AND MOTION TO REINSTATE CASE; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION OF MICHAEL J. DEMARTINI<br><br>Date:   June 21, 2013<br>Time:   9:30 a.m.<br>Courtroom:   G<br>Judge:   Hon. Judge Joseph C. Spero<br><br>Accompanying Documents:<br>1.   [Proposed] Order |
|---|---|

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on June 21, 2013 at 9:30 a.m. Or at such later date and time as the Court may order, in Courtroom G of the above captioned Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, before the Honorable Joseph C. Spero, Plaintiff MICHAEL DEMARTINI hereby move to reinstate case CV12-03929 JCS.

This motion is made pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq. on  the grounds that Plaintiff and Defendants signed a stipulation and an order was issued which requires that the claims asserted in Plaintiffs' lawsuit be submitted to non-binding arbitration (ADR  L.R.4) through the Court Process.

This motion is based on this notice, the accompanying memorandum of points and authorities, the declaration of Michael J. DeMartini, the Court's file, and any oral argument of counsel or the parties at the hearing.

## I. INTRODUCTION

Plaintiff MICHAEL DeMARTINI seeks an Order requiring Defendants THOMAS CHRISTOPHER JOHNS and JOHNS & ALLYN, A.P.C. (collectively "Defendants") to abide by the stipulation, agreement, and Court Order to submit Plaintiffs' claims to non-binding arbitration through the Court Process.

No basis exists for Defendants to avoid participating in the non-binding arbitration that they clearly agreed to. It makes sense that the non-binding arbitration be held prior to commencing with the binding arbitration through the American Arbitration Association ("AAA"). Defendants refuse to do so, and it is therefore necessary for this Court, pursuant to the FAA to reinstate the above-captioned case and compel Defendants to participate in the agreed non-binding arbitration so that Plaintiffs' can then proceed, if necessary, with the binding arbitration through the AAA.

## II. STATEMENT OF FACTS

**A. The Agreement to Arbitrate**

On October 5, 2012 each Defendant and Plaintiffs entered into and signed a stipulation to participate in non-binding arbitration. The stipulation clearly sets forth,

> "The parties agree to participate in the following ADR process:
>
> Court Processes:
> ☐Non-binding Arbitration (ADR L.R. 4)"
> (Some formatting omitted)
> (Order filed 10/10/2012, Attached as Exhibit A)

The agreement was then filed with the Court.

**B. Dismissal of Case**

On October 9, 2012 this Court filed an Order granting Defendants Motion to compel arbitration and dismissing the action without prejudice to refiling should further proceedings be

necessary following the completion of arbitration.

### C. Order to Participate in Non-binding Arbitration

On October 10, 2012 this Court filed an Order adopting the parties' stipulation to participate in non-binding arbitration, and Ordered it so.  (Order filed 10/10/2012, Attached as Exhibit A)

### D. Defendants Refuse to Participate in Non-binding Arbitration

Plaintiff contacted Defendants in an effort to commence with the stipulated and ordered non-binding arbitration.  DeMartini Decl., ¶ 4; See also Exhibit B.  Defendants responded by denying any stipulation whatsoever.  DeMartini Decl., ¶ 5; See also Exhibit C.

### III. DISCUSSION

As previously cited by Defendants, there exists a strong public policy favoring arbitration of disputes as set forth in the Federal Arbitration Act ("FAA") which requires a court to compel arbitration if the parties entered into a valid arbitration agreement and the claims fall within the scope of the agreement. 9 U.S.C. § 2, Cal. Code of Civ. Proc. § 1281.2. Courts have held that applicable state and federal statutes support an order compelling arbitration where the parties expressly agreed to submit a matter to arbitration in a writing which is valid, enforceable and irrevocable. 9 U.S.C. § 2, Cal. Code of Civ. Proc. §1281.2(b). *KPMG LLP v. Cocchi,* 132 S.Ct. 23, 25 (U.S. 2011)("The Federal Arbitration Act reflects an emphatic federal policy in favor of arbitral dispute resolution...This policy, as contained within the Act, requires courts to enforce the bargain of the parties to arbitrate."( citations omitted)); *In re Van Dusen,* 654 F.3d 838,845 (9th Cir. 2011)("The FAA embodies a clear federal policy in favor of arbitration."); *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24-25 (1983) (noting that any doubts regarding the scope of the issues to be arbitrated are to be resolved in favor of arbitration.); *Caron v. Mercedes-Benz Fin. Servs. United States LLC,* 2012 Cal. App. LEXIS 848 at * 14-15 (Cal. App.4th Dist. Jul. 30, 2012)(noting the "liberal federal policy" favoring arbitration where contracting parties had agreed to resolve a dispute by arbitration.)

### A. The FAA is Applicable to this Dispute

The October 5, 2012 agreement of the parties was to participate in non-binding

arbitration of Plaintiffs claims in this case relating to legal malpractice.  Plaintiff requests that the case be reinstated and that the matter be submitted to non-binding arbitration through the court process pursuant to the parties agreement and the goals of the FAA.  "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed. 2D 158 (1985).

**B. The Arbitration Provision is Valid**

The parties agreed to participate in non-binding arbitration in good faith.   The non-binding arbitration could preclude the need for full formal arbitration, as well as limit economic burden to the parties and expedite resolution of Plaintiffs' claims.

**IV. CONCLUSION**

As set forth herein, Plaintiff respectfully request that the Court grant this Motion to reinstate the case so that Defendants can participate in the agreed non-binding arbitration through the court process.  Plaintiff further requests that this Court compel Defendants to participate in the non-binding arbitration, as agreed.  Plaintiff further requests that this Court retain jurisdiction to enforce the agreement and also retain jurisdiction to enforce the ordered arbitration through the American Arbitration Association should the parties be unhappy with the results of the non-binding arbitration.

Respectfully Submitted,

Dated:  May 10, 2013                    MICHAEL J. DEMARTINI, pro se

By:   /s/ Michael J. DeMartini
Michael J. DeMartini

## DECLARATION OF MICHAEL J. DEMARTINI IN SUPPORT OF PLAINTIFF'S MOTION TO REINSTATE CASE

I, Michael J. DeMartini, declare:

1. I am a Plaintiff in this action.

2. I am over 18 years of age and I have personal knowledge of the facts contained herein, except as otherwise stated on information and belief, and as to such facts I am informed and believe they are true.  If called as a witness, I could and would competently testify thereto.

3. Attached as Exhibit A is a copy of the agreement to participate in non-binding arbitration and the Court Order.

4. Attached as Exhibit B is a copy of an electronic mail that I sent on December 11, 2012 to Mr. Smith of Wilson, Elser, Moskowitz, Edelman & Dicker LLP.

5. Attached as Exhibit C is a copy of an electronic mail that I received addressed as from Robert C. Gebhardt in reply to my December 11, 2012 electronic mail to Mr. Smith.

6. I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature /s/ within this e-filed document.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 10, 2013                           MICHAEL J. DEMARTINI, pro se

                                                    By:   /s/ Michael J. DeMartini
                                                          Michael J. DeMartini

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEMARTINI et al,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THOMAS CHRISTOPHER JOHNS et al,<br><br>　　　　Defendant. | Case Number: CV12-03929 JCS<br><br>**CERTIFICATE OF SERVICE** |

　　At the time of service I was over 18 years of age and not a party to this action.  My business address is 1129 Hunter Lake Dr., Ste 4, Reno, Nevada 89509.  My business telephone number is (775)323-7202; my business fax number is (775)323-3058.  On this date I served a true and correct copy(ies) of the following document(s):

**PLAINTIFF MICHAEL DEMARTINI'S NOTICE OF MOTION AND MOTION TO REINSTATE CASE; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION OF MICHAEL J. DEMARTINI; [PROPOSED] ORDER**

☐ by personally delivering copies, as follows:

Date: May 10, 2013; Time: 4:00 p.m.
RENATE DEMARTINI
3362 Meridian Ct
Reno, Nevada 89509

☐ by placing said copy(ies) in an envelope or package provided by an overnight delivery carrier addressed to the person(s) or attorney(s) of record hereinafter listed, by depositing said envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

ROBERT C. GEBHARDT (SBN 48965)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105

　　I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on May 10, 2013 at Reno, Nevada.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Matthew H. DeMartini
　　　　　　　　　　　　　　　　　　　　　　　　　　　Matthew H. DeMartini