1  COOPER, WHITE & COOPER LLP
   ROBERT C. GEBHARDT (SBN 48965)
2    rgebhardt@cwclaw.com
   SARAH J. BANOLA (SBN 223812)
3    sbanola@cwclaw.com
   201 California Street, 17th Floor
4  San Francisco, California 94111
   Telephone:    (415) 433-1900
5  Facsimile:    (415) 433-5530

6  Attorneys for Defendants
   T. CHRISTOPHER JOHNS; and JOHNS AND
7  ALLYN, A.P.C.

8

9

10                    UNITED STATES DISTRICT COURT

11      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12

13  MICHAEL DeMARTINI and RENATE          CASE NO. 3:12-CV-03929-JCS
    DeMARTINI,
14                                         **NOTICE OF MOTION AND MOTION TO**
                 Plaintiffs,               **REOPEN CASE AND VACATE**
15                                         **ARBITRATION AWARD;**
          v.                               **MEMORANDUM OF POINTS AND**
16                                         **AUTHORITIES IN SUPPORT THEREOF**
    THOMAS CHRISTOPHER JOHNS; JOHNS
17  & ALLYN, A.P.C.; and DOES 1 TO 30,     Judge:    Magistrate Judge Joseph C. Spero
    inclusive,,                            Date:     November 21, 2014
18                                         Time:     9:30 a.m.
                 Defendants.               Courtroom:  G
19

20

21

22

23

24

25

26

27

28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

### TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO REOPEN CASE AND VACATE ARBITRATION AWARD ................................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF ISSUES TO BE DECIDED .................................................. 2

III.    JURISDICTION ................................................................................................... 2

IV.     PRELIMINARY STATEMENT ......................................................................... 2

V.      PERTINENT FACTS AND PROCEDURAL HISTORY ................................... 3

    A.      Procedural Background ............................................................................. 3

    B.      The Mineral Rights Award Rewarded Claimant Michael DeMartini's Perjury ....... 7

    C.      The Arbitrator Correctly Stated, Then Ignored the Statute of Limitations. ............. 11

VI.     LEGAL ARGUMENT ....................................................................................... 12

    A.      The Award Constitutes a Manifest Disregard of the Law as Embodied in CCP § 340.6. ................ 12

    B.      The Award is Based on Perjured Testimony and Therefore Contravenes Public Policy................. 13

VII.    CONCLUSION .................................................................................................. 16

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2

3:12-CV-03923-JCS

NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

# TABLE OF AUTHORITIES

**Cases**

*Blain v. Doctor's Co.*,
222 Cal. App. 3d 1048 (1990)...............................................................................15

*City of Palo Alto v. Service Employees International Union, et al.*,
77 Cal.App.4th 327 (1999)....................................................................................14

*Eastern Associated Coal Corp. v. Mine Workers*,
531 U.S. 57 (2000) ................................................................................................14

*Fremont Indemnity Co. v. Sup. Ct. (Sharif)*,
137 Cal.App.3d 554 (1982)...................................................................................15

*Hartbrodt v. Burke*,
42 Cal.App.4th 168 (1996) ...................................................................................15

*Iacono v. State of Florida*,
930 So.2d 829 (Fla. Dist. Ct. App. 2006).............................................................15

*Jordan v. Dept. of Motor Vehicles et al.*,
100 Cal.App.4th 431 (2002)..................................................................................14

*Kane Gas Light & Heating v Int'l Bhd of Firemen, et al.*,
687 F. 2d 673 (3d Cir. 1982).................................................................................16

*Lagstein v. Certain Underwriters*,
607 F. 3d 634 (9th Cir. 2010)................................................................................13

*Luong v. Circuit City Stores, Inc.*,
68 F. 3d 1109 (9th Cir. 2004)..................................................................................2

*Matter of Dunn v. Ladenburg, et al*,
259 A.D. 2d 544, 686 N.Y.S. 471 (2d Dept 1999)...............................................15

*Nationwide Life Ins. Co. v. Richards*,
541 F.3d 903 (9th Cir. 2008).................................................................................15

*Peregrine Funding Inc. v. Sheppard Mullin, et. al.*,
133 Cal.App.4th 658 (2005)..................................................................................12

*Seymour v. Blue Cross*,
988 F. 2d 1020 (10th Cir. 1993)..............................................................................2

*Stead Motors v Automotive Machinists*,
886 F. 2d 1200 (9th Cir. 1989).........................................................................14, 15

*Teamsters v. BOC Gases*,
249 F. 3d 1089 (9th Cir. 2001)..............................................................................14

*United States v. $133,420.00 in U.S. Currency*,
672 F.3d 629 (9th Cir. 2012).................................................................................15

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2

ii

3:12-CV-03923-JCS

NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

**Federal Statutes**

9 U.S.C. § 10 ............................................................................................................... 1, 2

18 U.S.C. § 1621 ............................................................................................................ 15

28 U.S.C. § 1332 .............................................................................................................. 2

**State Statutes**

California Code of Civil Procedure § 340.6 ................................................... 1, 2, 6, 12, 13

Cal. Penal Code § 118 *et. seq.* ................................................................................... 15

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2

iii

3:12-CV-03923-JCS

NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

## NOTICE OF MOTION AND MOTION TO REOPEN CASE AND VACATE
## ARBITRATION AWARD

**PLEASE TAKE NOTICE THAT** on November 21, 2014 at 9:30 a.m., or as soon

thereafter as the matter may be heard in Courtroom G of the above-entitled court located at the

San Francisco Courthouse, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102,

Defendants Thomas Christopher Johns and Johns and Allyn, A.P.C. ("Respondents" or "Johns")

will and hereby do move this Court to reopen this case for the purpose of obtaining an Order

vacating an award made in favor of Michael and Renate DeMartini ("Claimants" or the

"DeMartinis") on July 30, 2014 by Arbitrator Carol Marshall of the American Arbitration

Association (AAA) (the "Award").

Respondents submit this motion seeking to vacate the Award under the Federal Arbitration

Act, 9 USC § 10 (a)(4) on the following grounds:  (1) Arbitrator Marshall exceeded her powers

because she manifestly disregarded the applicable legal malpractice statute of limitations,

California Code of Civil Procedure ("CCP") § 340.6; (2) The Award is based on Claimant Michael

DeMartini's undisputed perjured testimony and upholding the Award would therefore violate the

well-established public policy against providing perjured testimony.

This Motion is based on this Notice of Motion and Motion, the accompanying

Memorandum of Points and Authorities, the Declaration of Robert C. Gebhardt and exhibits

thereto, the Declaration of Thomas Christopher Johns and exhibits thereto, and the (Proposed)

Order, and upon other such matters as may be presented to this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Johns & Allyn petitions this court to vacate a portion of the Award rendered in the

arbitration of a legal malpractice claim brought by Claimants against Respondents.  The

DeMartinis contended Johns violated the standard of care and fiduciary duties in handling an

underlying partition action that was tried in Marin County Superior Court.  The arbitrator denied

recovery on all of the DeMartinis' claims with the single exception of a claim involving the trial

judge's award of mineral rights.  The Award should be vacated because it offends public policy in

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2

3:12-CV-03923-JCS

NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

1    that it rewards the DeMartinis for Michael's admitted perjured testimony and because it resulted

2    from the Arbitrator's manifest disregard of the legal malpractice statute of limitations, CCP

3    § 340.6.

4    **II.    STATEMENT OF ISSUES TO BE DECIDED**

5         1.    Whether the Award should be vacated under 9 U.S.C. § 10(a)(4) as exceeding the

6    Arbitrator's powers because the Arbitrator manifestly disregarded the applicable legal malpractice

7    statute of limitations, California Code of Civil Procedure ("CCP") § 340.6?

8         2.    Whether the Award should be vacated because it is based on Claimant Michael

9    DeMartini's admitted perjury and upholding the Award would therefore violate the state and

10    federal public policy against perjury?

11    **III.    JURISDICTION**

12         Claimants are residents of the state of Nevada.  Johns Decl., ¶ 4.  Defendant Thomas

13    Christopher Johns is a resident of California.  *Id.*, ¶ 5.  Defendant Johns & Allyn is a California

14    professional corporation with its principal place of business in Marin County, California.  *Id.*.  The

15    amount of the Award exceeds $75,000.  Gebhardt Decl., ¶ 13; Exh. 33.  Thus, this Court has

16    diversity jurisdiction.  28 U.S.C. § 1332.  In addition, pursuant to 9 U.S.C. § 10, this Court is the

17    proper venue to vacate the Award because the Award was made pursuant to an arbitration

18    conducted in San Francisco.  Gebhardt Decl., ¶ 2.

19    **IV.    PRELIMINARY STATEMENT**

20         In making this motion Respondents recognize the great deference courts afford arbitration

21    awards.  If the court is to disturb or vacate an award, it may do so only under strict statutory or

22    judicially created circumstances, even in cases where the court believes the arbitrator has

23    committed serious error in arriving at the conclusion.  *See, e.g., Seymour v. Blue Cross*, 988 F. 2d

24    1020, 1022-23 (10th Cir. 1993).  However, here, the Award should be overturned on two bases.

25         In handing down the Award, the Arbitrator manifestly failed to apply the law.  This is not a

26    situation where the Arbitrator merely misstated the applicable law, or mistakenly applied the law.

27    If that were the case, this standard would not be a basis for overturning the award.  *See Luong v.*

28    *Circuit City Stores, Inc.*, 368 F. 3d 1109, 1112 (9th Cir. 2004).  Rather, in this case, the Arbitrator

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2             2             3:12-CV-03923-JCS
NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

1    recognized and accurately stated the applicable law, and then ignored it.

2        The Award also violates public policy, because it is based on perjured testimony.

3 Respondents do not request that this court weigh conflicting evidence and determine whether

4 perjury existed; that would be an inappropriate ground for seeking to vacate the Award; neither do

5 Respondents ask this Court to make its own determination what role perjured testimony played in

6 the eventual Award, which would also be inappropriate.  Here, the Award was based on testimony

7 under oath by Claimant Michael DeMartini in deposition and at trial that he himself admitted was

8 false.  Upholding the Award would reward, condone and support perjury and is therefore, against

9 federal and state public policy.

10 **V.**     **PERTINENT FACTS AND PROCEDURAL HISTORY**

11      **A.**    **Procedural Background**

12        The underlying action in this proceeding was for partition of 20 properties located in

13 Nevada and Marin Counties.  The properties had been left by the parents of eight DeMartini

14 siblings to their offspring.  On October 23, 2008, six of the DeMartini siblings and spouses filed

15 two complaints against Claimants in Marin County Superior Court. (Johns Decl. ¶ 3.)  Among

16 other things, the complaints sought a partition by sale of the family-owned property in Marin

17 County and a permanent injunction.  (*Id.*)

18        Claimants retained Respondents to represent them in the litigation pursuant to an attorney-

19 client fee agreement executed on October 24 and November 7, 2008.  (Johns Decl. ¶ 2, Exh. 1

20 (Attorney-Client Fee Agreement).)  The Fee Agreement was modified on two occasions during the

21 course of the litigation, but those modifications are uninvolved in this particular action.  The

22 agreements did, however, contain a provision requiring binding arbitration on all matters

23 pertaining to both fees and any malpractice claims that might eventuate.  (*Id.* at JA0002, ¶5.)

24        On January 5, 2009, Respondents filed a cross-complaint for partition in kind of the 20

25 jointly held properties.  (Johns Decl. ¶3.)  After the Marin County Superior Court denied the

26 preliminary injunction, prosecution of the cross-complaint for partition in kind continued.  (*Id.*)

27 The other DeMartini siblings strongly contested the cross-complaint, because they desired that the

28 properties be partitioned by sale.  (Gebhardt Decl. ¶11, Exh. 31 (04/24/14 Transcript at 687:12-20,

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2                   3                           3:12-CV-03923-JCS
NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

695:3-25); Johns Decl. ¶¶ 6 & 9, Exh. 2 (Timothy DeMartini's Mediation Brief at JA004183) & Exh. 5 (Timothy DeMartini's Settlement Conference Brief at JA003725).)

The partition action was tried before Judge Verna Adams.  At trial, the eight DeMartini siblings were positioned into two camps:  Claimant Michael and his brother Jim and their wives comprised one group; the other six DeMartini siblings and their spouses comprised the other group.  Throughout the trial, Johns advocated Claimants' plan for partition in kind of all jointly owned properties.  Claimants' partition plan was embodied in two spreadsheet exhibits, prepared by Michael DeMartini, which showed the properties to be allocated jointly to Michael and his brother Jim and the properties to be allocated jointly to the other DeMartini siblings.  (Johns Decl. ¶¶11 & 13, Exhs. 7 & 9 (Trial Exhs. No. 15 & 15A).)  The other siblings maintained their position that the properties should be partitioned by sale.  Near the end of trial, however, Judge Adams indicated that she favored a partition in kind, and she invited the other DeMartini siblings to provide a proposed alternative plan to that which had been submitted by Claimants.  (Johns Decl. ¶14, Exh. 10 (04/27/11 Transcript at 305:23-307:4).)  The other siblings followed Judge Adams' request and presented an alternative partition plan on the last day of trial.

On May 5, 2011, Judge Adams issued her tentative decision, setting forth her partition plan which essentially adopted the alternative plan.  (Johns Decl. ¶17, Exh. 13 (05/05/11 Transcript at JA00948-961).)  Claimants were dissatisfied that they were not awarded the specific parcels they had requested nor were they awarded any mineral rights underlying the ranchland properties. Johns represented Claimants in post-trial motions to modify Judge Adams' tentative ruling on May 16, 2011.  (Johns Decl. ¶18, Exh. 14 (Request for Modification of Tentative Decision at JA00929-940).)  On June 20, 2011, Judge Adams issued a Statement of Decision which was the same as her tentative decision finding that there was an entitlement to partition; she ordered a partition in kind of all Nevada County properties, and partition by sale of the Marin County property.  (Johns Decl. ¶19, Exh. 15 (Statement of Decision at JA01184-1194).)  An interlocutory judgment was entered on that date.  (Johns Decl. ¶20, Exh. 16 (Interlocutory Judgment of Partition at JA01196-1219).)

The entrance to an abandoned mine, "The Empress Mine," is adjacent to some of the Nevada County ranchland properties.  All DeMartini siblings jointly owned the mineral rights

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2                                     4                          3:12-CV-03923-JCS
NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

1  underlying the properties.  In the partition action, both sides stipulated that the mineral rights had a

2  "nominal" or "zero" value. (Johns Decl. ¶¶12, 14 & 16,  Exh. 8 (04/26/11 Transcript at 67:21-

3  68:8, 144:19-21), Exh. 10 (04/27/11 Transcript at 178:6-179:8, 191:7-10, 194:5-9), & Exh. 12

4  (04/29/11 Transcript at 323:17-19, 324:6-325:2, 328:18-22, 415:24-416:2); Johns Decl. ¶¶11, 13

5  & 15, Exhs. 7, 9 & 11 (Trial Exhs. 15, 15A & 109); Johns Decl. ¶26, Exh. 22 (Appellate Opinion

6  at JA00037) ("A dispositive factor in our evaluation of the Empress Mine mineral rights allocation

7  is that the stipulated value of property is zero.").)  Both sides stipulated that upon partition, the

8  mineral rights should run with the land, *i.e.* a party receiving a parcel would receive the mineral

9  rights underlying that parcel.  Michael DeMartini retained an eminent mineral appraiser, Robert

10  Cartwright, whose written report was admitted into evidence by stipulation. (Johns Decl. ¶7, Exh.

11  3 (Stipulated [Trial] Exhibit 10).)  Cartwright evaluated old mining records, new environmental

12  requirements, and observed that the property had been built for residential purposes.  He

13  concluded the mineral rights pertinent to the Nevada County properties were of "nominal" value

14  and should revert to the owners of the surface rights of each parcel.  Judge Adams elected not to

15  follow the recommendation of Mr. Cartwright, but rather awarded mineral rights of the Nevada

16  County parcels to the DeMartini siblings and their spouses other than Michael and Jim and their

17  spouses. (Johns Decl. ¶20, Exh. 16 (Interlocutory Judgment of Partition at JA01215-1218).)  In

18  the post-trial motions to modify the tentative decision, Johns argued that the mineral rights should

19  run with the land, but Judge Adams declined to accept this argument or change her tentative

20  position.

21          On June 29, 2011, following the post-trial motions Claimants terminated Johns' services

22  and on June 30, 2011 Claimants substituted into the Marin Superior Action in pro per. (Johns

23  Decl. ¶21, Exh. 17.)

24          Claimants filed an appellate reply brief on or about January 15, 2013, arguing, among

25  other things, that the mineral rights should have run with the land. (Johns Decl. ¶25, Exh. 21

26  (Appellant's Reply Brief, JA0003872-3877).)  On June 28, 2013, the appellate court upheld Judge

27  Adams' ruling, and determined that the Claimants were not prejudiced because the mineral rights

28  had zero value. (Johns Decl. ¶26, Exh. 22 (Appellate Opinion at JA00037).)

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2                                    5                        3:12-CV-03923-JCS
NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

1    On June 22, 2012, Claimants sent Respondents a Statute of Limitations Tolling

2  Agreement, listing 25 separate malpractice claims against Respondents that they wished to

3  preserve from the running of the statute of limitations.  (Johns Decl. ¶ 23, Exh. 19 (Statute of

4  Limitations Tolling Agreement).)  The agreement was never executed by Respondents.

5  Thereafter, on June 27, 2012, Claimants filed a form complaint for legal malpractice in Marin

6  County Superior Court.  (Johns Decl. ¶24, Exh. 20 (06/27/12 Complaint).)

7    The Marin County action was removed to federal court based on diversity of citizenship.

8  (07/26/12 Notice of Removal, Docket #1.)  All parties agreed that the matter could be heard and

9  decided by Magistrate Judge Spero for all proceedings.  (08/02/12 Notice re Consent to

10  Magistrate, Docket #10; 08/20/12 Consent to Magistrate, Docket #11.)  On October 9, 2012, Judge

11  Spero dismissed the action without prejudice, to allow the case to be arbitrated.  (Order Granting

12  Motion to Compel Arb., Docket #20.)  Five months later, on March 13, 2013, Respondents

13  instituted an arbitration proceeding before the AAA to collect unpaid fees.  On June 24, 2013,

14  Claimants filed malpractice cross-claims against Respondents in the AAA arbitration.  (Gebhardt

15  Decl. ¶3, Exh. 23 (06/24/13 Cross-Claims).)  The allegations supporting the cross-claims exactly

16  mirrored the aforementioned tolling agreement.  (Gebhardt Decl. ¶¶4 & 5, Exh. 24 (10/25/13 MSJ

17  at pp. 5-7) & Exh. 25 (Order on MSJ at p. 2).)

18    During the course of the arbitration Respondents filed a motion for summary judgment

19  based on the one-year statute of limitations in CCP §340.6.  (Gebhardt Decl. ¶4, Exh. 24 (10/25/13

20  MSJ).)  The motion was based on the fact that the June 24, 2013 Cross-Claims were filed more

21  than one year after the June 22, 2012 tolling agreement.  On January 8, 2014, Arbitrator Marshall

22  denied the motion asserting, among other things, that there was an issue of fact whether Claimants

23  actually discovered any wrongful acts at the time of their submission of the proposed tolling

24  agreement on June 22, 2012.  (Gebhardt Decl. ¶5, Exh. 25 (Order on MSJ at p. 2).)

25    The arbitration proceedings were bifurcated, with the fee portion of the arbitration

26  proceeding first.  An arbitration award in Claimants' favor on its fees was given on March 20,

27  2014.  Thereafter, the malpractice action was tried from March 26 through March 28, 2014, and on

28  April 24, 2014. On July 30, 2014, Arbitrator Marshall awarded Claimants $158,000, plus interest,

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2    6    3:12-CV-03923-JCS
NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

1   based on Michael DeMartini's claim that the mineral rights that were not awarded to him by Judge

2   Adams were valued at that figure.[1]  (Gebhardt Decl., ¶13, Exh. 33.)  Michael DeMartini testified

3   in the partition trial that he agreed to his proposed partition plan ascribing a value of "0" to the

4   mineral rights.  But three years later, at the arbitration, he claimed that his trial testimony was

5   false, that he actually believed the mineral rights had significant value.  He admitted his sworn

6   trial testimony was false and then asserted his 5th Amendment rights to prevent further cross-

7   examination.  The Arbitrator condoned the perjured testimony and concluded that had Judge

8   Adams received evidence from Michael that the mineral rights had value, she would have awarded

9   mineral rights to all parties including Claimants.  She held Respondent Johns responsible for the

10  failure to introduce evidence of the value of mineral rights.  By its terms, the Award was in full

11  settlement of all submitted claims.  (Gebhardt Decl. ¶13, Exh. 33 at p. 9.)

12  **B.**   **The Mineral Rights Award Rewarded Claimant Michael DeMartini's Perjury**

13       The crux of Respondents' position that the Award should be overturned is based on the

14  Arbitrator's determinations concerning mineral rights.  The testimony regarding mineral rights that

15  Michael DeMartini claims to possess, and claims that he wished to give at the underlying trial,

16  was not provided to Judge Adams as a direct result of Michael DeMartini's admitted perjury at

17  both his deposition, and at trial.  Arbitrator Marshall determined that the failure to provide such

18  evidence on mineral rights caused damage to the Claimants, because if Judge Adams had received

19  this evidence she would have ordered that the mineral rights run with the land and be awarded to

20  each owner of the parceled property.

21       A proposed partition plan was introduced into evidence at the underlying trial and

22  explained by Jim DeMartini (Johns Decl. ¶¶11 & 13, Exhs. 7 & 9 (Trial Exhs. 15 and 15A); Johns

23  Decl. ¶¶12 & 14, Exh. 8 (04/26/11 Transcript at 61:9-62:24) & Exh. 10 (04/27/11 Transcript

24  191:7-25)); it had been prepared by Michael and his brother Jim.  (Johns Decl. ¶¶11 & 13, Exhs. 7

25  & 9 (Trial Exhs. 15 and 15A); Johns Decl. ¶12, Exh. 8 (4/26/11 Trial Transcript at 67:17-68:8).)

26  That plan set forth parcels that Michael and Jim agreed to own as tenants-in-common.  It proposed

27

[1] She also awarded the DeMartinis $19,100 in arbitration fees and costs

28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2                                    7                        3:12-CV-03923-JCS

NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

1    that the mineral rights run with the land and ascribed a value of "0" to the Empress Mine mineral

2    rights.  At the trial, Michael DeMartini was asked a single question on direct by Claimant Johns:

3        Q.  With regard to this proposed ownership plan, which is Exhibit 15, do you agree
            with the plan?

4        A.  Yes.

5

6    (Johns Decl. ¶12, Exh. 8 (04/26/11 Transcript at 144:19-21).)  By responding affirmatively,

7    Michael confirmed that he agreed with his partition proposal, which ascribed a value of "0" to the

8    mineral rights.

9        At the first phase of the arbitration, however,  Michael DeMartini testified he did not agree

10   with his proposed partition plan as evidenced in Exhibit 15:

11       Q.  When you testified at trial that – when Mr. Johns asked you the question, "do
            you agree with this proposal as put forth by Jim DeMartini" and you said, "I

12          agree," that was truthful testimony?

13       A.  That was not truthful.  That was a lie.

14                                      .   .   .   .[2]

15       Q.  Exhibits 15 and 15A were prepared by you and your wife.  Correct?

16       A.  Yes.  Which is the same –

17       Q.  This is the proposed ownership plan that you understood Jim was going to
            present to the Court in the partition action.  Right?

18       A.  We had an agreement that related to this plan, yes.

19       Q.  Okay.  And so Mr. Johns asked you  .  .  .  "With regard to this proposed
            ownership plan, which is Exhibit 15, do you agree with the plan."  Answer "Yes.

20          And that's a lie."

21       A.  Well –

22       Q.  You lied under oath?

23       A.  The problem here –

24       Q.  No, the problem is lying under oath.  Did you lie under oath when you gave

25   _____

[2] The arbitrator elicited additional testimony from Michael DeMartini that he had lied allegedly at
26   Johns's instruction: "The Arbitrator: I want to get clarity here.  Is it your testimony that your
     counsel told you to lie under oath?  The Witness: Yes.  The Arbitrator:  And that you did so at
27   that instruction?  The Witness: Yes.  He told me that I must agree with the plan.  .  ." (Gebhardt
     Decl. ¶6, Exh. 26 (01/16/14 Transcript at 587:18-588:4).)
28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

that testimony?  Do you need some time to think about that, Mr. DeMartini?

Mr. Beauvais:  I'm going to instruct him not to answer the question on the 5th Amendment.

Q.  Oh, on the 5th Amendment?

Mr. Beauvais:  Yes.  Instruct him not to answer.

(Gebhardt Decl., ¶6 Exh. 26 (01/16/14 Transcript at 587:1-7; 590:14-591:17).)  After Claimant Michael DeMartini's counsel asserted his 5th Amendment rights, no further examination of Michael occurred on the subject of his answer "Yes" in trial to the question of whether he agreed with his partition proposal.  (Gebhardt Decl. ¶6, Exh. 26 (01/16/14 Transcript at 587:1-592:18).)

The second issue involving mineral rights related to Johns's decision to name Michael DeMartini as a percipient expert witness at the trial.  (Gebhardt Decl. ¶13, Exh. 33 (07/30/14 Award at p. 4).)  Indeed, Michael DeMartini is an accomplished engineer who was familiar with virtually all aspects of the Nevada County properties.  (Gebhardt Decl. ¶¶10 & 11, Exh. 30 (03/27/14 Transcript at 348:9-349:2); and Exh. 31 (04/24/14 Transcript at 1002:3-1003:6).)  One area he was to testify about was the value of mineral rights; he was to provide testimony to amplify that given by Mr. Cartwright in Exhibit 10 ascribing a "nominal" value to the mineral rights.  However, when asked at his deposition in the underlying action whether he had any opinion on mineral rights, Michael DeMartini testified negatively.  (Johns Decl. ¶8, Exh. 4 (08/24/10 DeMartini Depo at 128:19-130:8).)  On April 21, 2011, Judge Adams heard *in limine* motions, one of which was to bar Michael DeMartini from giving expert opinion on any opinion that he did not disclose during his deposition.  Judge Adams ruled he could not provide opinions that he did not render at his deposition.  (Johns Decl. ¶10, Exh. 6 (04/21/11 Transcript at 23:19-26:1).)

At the arbitration, Michael DeMartini testified that his deposition testimony regarding mineral rights in the underlying action was false:

> Q.  BY MR. GEBHARDT:  When you testified that you had no opinion on the mineral rights apart from what the experts had determined, and you gave that testimony in the – under – in the deposition in the underlying case, that was false testimony.  Correct?

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

. . . .

THE WITNESS:  Yeah, I think I need to see what that wording was.  Because that was in 2010.

MR. GEBHARDT:  I'm going to read from his deposition, page 33, line 16 through 22 in this case, "so just so I got it straight, when you testified in the deposition that you had no opinion on mineral right values on the property apart from what the experts had determined, that testimony was erroneous or false, right?  You did have an opinion, correct?"

"Answer.  I would say so, yes."

(Gebhardt Decl. ¶10, Exh. 30 (03/27/14 Transcript at 366:20-24; 367:4-13).)  Again, Michael DeMartini claimed he testified falsely at the instruction of Johns.  (Gebhardt Decl. ¶ 10, Exh. 30 (3/27/14 Transcript at 368:4-5).)  In fact, Michael DeMartini claimed the term "nominal" as used in Cartwright's report and "0" in Michael's partition plan meant more than zero.  (Gebhardt Decl. ¶¶8 & 10, Exh. 28 (03/11/14 DeMartini Depo at 28:14-20) & Exh. 30 (03/27/14 Transcript at 330:16-331:24).)  He claimed that he was prepared to testify that if as much as $500,000 worth of exploratory work was performed on the Nevada County properties, the true value of the mineral rights would have been determined.  (Gebhardt Decl. ¶¶9 & 10, Exh. 29 (03/26/14 Transcript at 241:20-243:4) & Exh. 30 (03/27/14 Transcript at 330:5-15, 337:11-338:2).)  Based on his analysis of old and new data, he estimated that the value of the mineral rights – without having done this exploratory work – was $158,000.  (Gebhardt Decl. ¶¶8 & 9, Exh. 28 (03/11/14 DeMartini Depo at 24:14-17) & Exh. 29 (03/26/14 Arbitration Transcript at 249:19-21).)[3]

Had Michael DeMartini testified at the arbitration that his trial and deposition testimony regarding the mineral rights was truthful, *i.e.* that he agreed the mineral rights had a value of "0", he would have destroyed any possibility of prevailing in his malpractice claim on mineral rights. In order to avoid losing the mineral rights issue, Michael therefore had to testify in arbitration that

---

[3] On June 30, 2011, Claimants substituted into the partition action *in pro per*.  (Johns Decl. ¶21, Exh. 17 (Substitution of Attorney – Civil).)  Thereafter, on August 18, 2011, they made a motion for new trial before Judge Adams asserting, among other things, that the reason Michael DeMartini did not give expert testimony at his deposition was because he had not done the engineering work necessary to give an opinion.  (Johns Decl. ¶22, Exh. 18 (08/18/11 Transcript at 10:5-17); Gebhardt Decl. ¶10, Exh. 30 (03/27/14 Transcript at 370:10-371:23).)  Michael DeMartini did not tell Judge Adams that he had declined to give expert testimony at the deposition because of some instruction by Johns.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2                                    10                        3:12-CV-03923-JCS

NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

1  his trial and deposition testimony was perjury.  In finding for Claimants on the mineral rights

2  issue, Arbitrator Marshall rewarded Michael for admitting he committed perjury at trial and at his

3  deposition.  An award in a legal malpractice arbitration rewarding a former client for his perjured

4  testimony in the underlying deposition and trial violates the explicit public policy against perjury

5  and should be vacated on that basis.

6         C.     **The Arbitrator Correctly Stated, Then Ignored the Statute of Limitations.**

7        Arbitrator Marshall found in favor of Claimants relating to one of the many malpractice

8  cross-claims asserted.  However, that single claim, not calling Michael or another expert to testify

9  at trial on mineral rights, is clearly barred by the one year statute of limitations embodied in CCP §

10  340.6(a).  Yet the Award ignored the statute of limitations relating to the mineral rights issue.

11  Section 340.6(a) provides:

12      An action against an attorney for a wrongful act or omission, other than for actual
    fraud, arising in the performance of professional services shall be commenced

13      within one year after the plaintiff discovers, or through the use of reasonable
    diligence should have discovered, the facts constituting the wrongful act or

14      omission, or four years from the date of the wrongful act or omission, whichever
    occurs first.[4]

15

16  While the July 30, 2014 Award correctly recited the law, it did not apply the law to the facts of the

17  mineral rights issue.

18        Johns argued at the arbitration that any claim involving mineral rights was barred by the

19  one-year malpractice statute of limitations:  Michael DeMartini knew on August 24, 2010 the fact

20  that he had not testified in deposition concerning the value of mineral rights.  He knew on April

21  21, 2011 the fact that Judge Adams granted a motion in limine that precluded him from testifying

22  at trial on the value of mineral rights.  He knew on April 25, 2011, the day before trial, the fact

23  that he would not be testifying at trial on the value of mineral rights – he admitted this knowledge

24  at his March 11, 2014 deposition, which was read into the record at the arbitration hearing and was

25  not contested.  (Gebhardt Decl. ¶¶6, 10 & 12, Exh 26 (01/16/14 Transcript at 504:9-18), Exh. 30

26  (03/27/14 Transcript at 374:7-19) & Exh. 32 (Arbitration Closing Brief at 2:17-19).)  He knew by

27  ─────────────

[4] Section 340.6(a)(2) tolls the statute while the attorney continues to represent the plaintiff.

28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2               11               3:12-CV-03923-JCS
NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

1 April 29, 2011 when the partition trial ended the fact that he had not testified as to the value of

2 mineral rights.  Without dispute Michael DeMartini knew each of these facts more than one year

3 before June 24, 2013, when Claimants filed their malpractice cross-claims.

4      Had Arbitrator Marshall applied the one-year statute of limitation to the facts of the

5 malpractice claim, she would have determined that Michael's failure to testify at trial on the value

6 of mineral rights was without a doubt known to Claimants by June 30, 3011, when they

7 substituted into the action in *pro per*.  Claimants had one year to file an action for legal

8 malpractice.  Yet the Award ignored the one-year statute of limitations with respect to these facts.

9 The Arbitrator's manifest disregard of the statute of limitations to the mineral rights facts warrants

10 vacatur of the Award.

11 **VI.    LEGAL ARGUMENT**

12      **A.    The Award Constitutes a Manifest Disregard of the Law as Embodied in CCP
         § 340.6.**

13

14      The Arbitrator denied Respondents' Motion for Summary Judgment before having

15 evaluated the evidence at trial.  The motion had been based on the wording of the proposed tolling

16 agreement and the fact that the 25 claims made in the proposal were replicated in the malpractice

17 cross-complaint filed over a year after the proposal was made.  In denying the motion, she stated

18 as her reason for doing so that she could not determine from the submitted papers when Claimants

19 actually discovered the alleged wrongdoing, notwithstanding the similarity between it and the

20 cross-complaint allegations.  (Gebhardt Decl. ¶5, Exh. 25 (Order on MSJ at p. 2).)

21      In her award memorandum, the Arbitrator accurately stated the law relating to the statute[5],

22 but then ignored it as it relates to the basis for the Award.  (Gebhardt Decl., ¶13, Exh. 33 (Award

23 at pp. 8-9).)  With the myriad claims of malpractice made by Claimants in their tolling agreement,

24 the Award winnows the claim down to one issue: Johns committed malpractice at the trial by not

25 having done what the Arbitrator thought was appropriate to the standard of care to present

26

---

27 [5] *See Peregrine Funding Inc. v. Sheppard Mullin, et. al.*, 133 Cal.App.4[th] 658, 685 (2005) (statute
of limitations begins to run based on knowledge of the facts; whether those facts constitute
28 malpractice causes of action are matters to be developed during discovery).

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2                                    12                          3:12-CV-03923-JCS
NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

1  evidence on the mineral right values to Judge Adams.  According to her reasoning, but for the

2  absence of this evidence, Judge Adams would have awarded the mineral rights to those to whom

3  she parceled the property.

4      The malpractice the Arbitrator determined was committed occurred during the underlying

5  trial, which took place over two years before the malpractice claim was filed.  In fact, Michael

6  DeMartini testified he knew there would be no evidence of any mineral rights presented at the trial

7  the day before it began, apart from an expert report he had commissioned stating the mineral rights

8  had "nominal" value. (Gebhardt Decl. ¶¶6, 10 & 12, Exh 26 (01/16/14 Transcript at 504:9-18),

9  Exh. 30 (03/27/14 Transcript at 374:7-19) & Exh. 32 (Arbitration Closing Brief at 2:17-19).)

10     Manifest disregard  of the law by an arbitrator warrants vacatur of an award.  But this

11  means more than just an error in the law or a failure on the part of the arbitrator to understand or

12  apply the law.  To vacate an arbitration award on this ground, it must be clear from the record the

13  arbitrator recognized the applicable law and then ignored it.  *Lagstein v. Certain Underwriters*,

14  607 F. 3d 634, 641 (9th Cir. 2010).  Here, the Arbitrator embraced her earlier denial of

15  Respondents' Summary Judgment motion in justifying both the Award and her refusal to employ

16  CCP § 340.6 to dismiss the action.  What she did not do is explain how her evidentiary and legal

17  determination that it was malpractice not to present evidence of the value of mineral rights at the

18  underlying trial did or did not engender the statute of limitations.  Rather, she ignored the statute

19  of limitations and never applied it to the basis for the Award.  This manifest disregard of the law

20  warrants vacatur of the Award.

**B.  <u>The Award is Based on Perjured Testimony and Therefore Contravenes Public Policy.</u>**

23     Claimant Michael DeMartini admitted to committing perjury in connection with the

24  underlying action on two occasions.  Both are directly involved with the issue of mineral rights,

25  and serve as the underpinnings for the Award.

26     First, at the initial, fee phase of the arbitration, he testified that he did not agree with the

27  content of a partition plan that he and his brother presented at the underlying trial.  The plan

28  placed a "0" value on mineral rights of the Nevada County properties.  He was shown his

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2                    13                    3:12-CV-03923-JCS
NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

1   testimony at the underlying trial, where he testified under oath that he agreed with the plan.  He

2   claimed he committed perjury when he gave that testimony, he did not agree with it, and that his

3   lawyer, Respondent Johns, told him to lie.  Cross-examination thereafter was cut off when

4   Michael DeMartini invoked his Fifth Amendment rights.  (Gebhardt Decl. ¶6, Exh. 26 (01/16/14

5   Transcript at 587:1-591:17).)  Oddly, the Arbitrator never mentions this perjury in her award

6   memorandum.

7            The second area of perjury concerns Michael DeMartini's testimony at his deposition in

8   the underlying action.  He had been named as a percipient expert on, among other things, mineral

9   rights.  When questioned at that deposition, he testified he had no opinion on the value of those

10  rights.  He acknowledged this was false testimony, again given at the alleged instruction of his

11  lawyer.  Since he gave no expert opinion of this nature at the deposition, Judge Adams barred him

12  from giving any expert testimony at trial where he claimed not to possess any at his deposition.

13  The Arbitrator excused DeMartini's perjury; she sympathized with Michael that he "believed" he

14  was following instructions not to give expert opinions at deposition – even though by not doing so

15  he was lying and that he was in a "confusing position while under oath." (Gebhardt Decl. ¶13,

16  Exh. 33 (07/30/14 Award at p. 7).)  She absolved Michael DeMartini from giving erroneous

17  testimony because he was not well prepared by Johns.  She continued that had Michael given that

18  testimony, it was more than likely Judge Adams would have awarded a share of mineral rights to

19  the Claimants.

20           One exception to the requirement that courts defer to the awards of arbitrators is that a

21  court need not, in fact, cannot, enforce an award that violates public policy.  *Stead Motors v*

22  *Automotive Machinists*, 886 F. 2d 1200, 1209 (9th Cir. 1989); *Teamsters v. BOC Gases*, 249 F. 3d

23  1089, 1093 (9th Cir. 2001); *see also Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57,

24  63 (2000) (recognizing that court's power to vacate arbitration awards not limited to situations

25  where award itself violates positive law); *Jordan v. Dept. of Motor Vehicles et al.*, 100 Cal.App.4[th]

26  431, 438, 452 (2002) (vacating arbitration award as violating public policy because award violated

27  public policy against gifts of public funds); *City of Palo Alto v. Service Employees International*

28  *Union, et al.*, 77 Cal.App.4[th] 327, 339 (1999) (vacating award reinstating employee because award

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2                                14                        3:12-CV-03923-JCS
NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

1   irreconcilable with public policy required obedience to court orders).  In order to successfully

2   challenge an arbitration award on this ground, the public policy must be well defined and

3   dominant.  *Stead, supra* at 1211.  Perjury is a crime, and most certainly public policy requires that

4   the courts not condone it.  *See* 18 U.S.C. § 1621; Cal. Penal C. § 118 *et. seq.*; *see also Iacono v.*

5   *State of Florida*, 930 So.2d 829, 830 (Fla. Dist. Ct. App. 2006) ("Allowing a defendant to ignore

6   the oath and lie to the court only to later claim that he did so at counsel's instruction is against

7   public policy as it condones perjury.")  Yet, if the Award is allowed to stand that is exactly what

8   would occur, only this court – not the arbitrator -- would be sanctioning perjured testimony.

9         There are few cases involving a reversal of an arbitration award on the grounds they

10   violate public policy.  In *Matter of Dunn v. Ladenburg, et al*, 259 A.D. 2d 544, 686 N.Y.S. 471,

11   472 (2d  Dept 1999), an award of damages to an employee for defamation against an employer

12   violated public policy where the statements were made during proceedings which were absolutely

13   privileged and the award negated the principles concerning the privilege.  In truth, given the

14   courts' standard of deference to arbitrators' decisions, and possibly because most witnesses or

15   claimants do not lie, no cases could be found like this one.  One comes close.  In *Blain v. Doctor's*

16   *Co.*, 222 Cal. App. 3d 1048 (1990), plaintiff sought damages for  malpractice and emotional

17   distress caused, in part, by plaintiff's perjury in his deposition which, he claimed, was based on his

18   merely following the advice of his lawyer.  The plaintiff was thrown out of court based on the

19   application of the unclean hands doctrine.  In so ruling, the court observed that plaintiff's distress

20   "is attributable to his own knowing misbehavior.  Even the most naïve must know that lying under

21   oath is illegal. . . . The relationship of misconduct to harm in this case is direct and not incidental."

22   *Id.* at 1063.  Here, the relationship of the misconduct was directly related to the Award.[6]

23

24   [6] Michael's assertion of the Fifth Amendment privilege in regard to his testimony that he agreed to
     his proposed partition plan ascribing a "0" value to the mineral rights should preclude any

25   malpractice award of damages relating to the purported value of the mineral rights.  *See Fremont*
     *Indemnity Co. v. Sup. Ct. (Sharif)*, 137 Cal.App.3d 554, 560 (1982) (dismissal of plaintiff's lawsuit

26   will be required if he asserts his constitutional privilege against self-incrimination); *see also*
     *Hartbrodt v. Burke*, 42 Cal.App.4th 168, 175 (1996) (affirming dismissal of lawsuit where plaintiff

27   refused to comply with court order requiring disclosure of tape recording based on assertion of
     Fifth Amendment privilege against self-incrimination); *see also Nationwide Life Ins. Co. v.*

28   *Richards*, 541 F.3d 903, 909-910 (9th Cir. 2008) (adverse inference and striking of testimony
     (footnote continued)

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2                                    15                                    3:12-CV-03923-JCS

NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

1    An arbitration award should be vacated when enforcing it would be the equivalent of a

2  "judicial condonation" of illegal activity.  *Kane Gas Light & Heating v Int'l Bhd of Firemen, et*

3  *al.*, 687 F. 2d 673, 682 (3d Cir. 1982).  Here, the Award which is based on admittedly false

4  testimony violates public policy and should be vacated.

5  **VII.    CONCLUSION**

6    Unless an award fits within exceptions to the public policy supporting arbitrations, courts

7  will not overturn an arbitrator's award even where it is incorrect and dim-witted.  Although

8  Respondents strongly disagree with the Arbitrator's statements of law and conclusions of fact, they

9  recognize the deference courts afford arbitrators' awards.  The Award meets the exceptions which

10  warrant vacatur.

11  DATED:  September 4, 2014            COOPER, WHITE & COOPER LLP

12

13

14                           By: _____
                                Robert C. Gebhardt
15                              Attorneys for Defendants T. CHRISTOPHER
                                JOHNS; and JOHNS AND ALLYN, A.P.C.
16

17

18

19

20

21

22

23

24
   based on assertion of Fifth Amendment); *United States v. $133,420.00 in U.S. Currency*, 672 F.3d
25  629, 640-642 (9th Cir. 2012) (same in civil case to avoid use of Fifth Amendment privilege as
   sword and shield); Gebhardt Decl. ¶¶7, 12, 6, Exh. 27 (Johns' Prehearing Position Statement at
26  5:16-23), Exh. 32 (Arbitration Closing Brief at 7:2-5), Exh. 26 (01/16/14 Transcript at 591:13-
   592:18 (Arbitrator's denial of motion to strike malpractice cross-claim, or Michael DeMartini's
27  testimony, based on assertion of Fifth Amendment privilege)).

28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1005930.2                              16                         3:12-CV-03923-JCS
NOTICE OF MOTION AND MOTION TO REOPEN AND VACATE ARBITRATION AWARD; MPA

**CERTIFICATE OF SERVICE**

I am a resident of the State of California.  I am over the age of eighteen years, and not a party to this action.  My business address is 201 California Street, 17th Floor, San Francisco, California 94111-5019.

On September 5, 2014, I served true copies of the following document(s):

- Notice of Motion and Motion to Reopen Case and Vacate Arbitration Award; Memorandum of Points and Authorities in Support Thereof;

- Declaration of Robert C. Gebhardt in Support of Motion to Reopen Case and Vacate Arbitration Award;

- Declaration of Thomas Christopher Johns in Support of Motion to Reopen Case and Vacate Arbitration Award; and

- [Proposed] Order Granting Motion to Reopen Case and Vacate Arbitration Award

on each of the parties listed below at the following addresses:

| | |
|---|---|
| Kevin M. Sullivan | Attorneys for Michael DeMartini only, in |
| GRIFFIN & SULLIVAN | AAA Arbitration No. 74 194 485 13 SIM |
| 369 Pine Street, Suite 400 | Phone:  415.397.2600 |
| San Francisco, CA 94104 | Fax:   415.397.2690 |
| | Email: k sullivan esq@yahoo.com |

**BY ELECTRONIC DELIVERY:**  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address(es) listed above.

| | |
|---|---|
| Michael DeMartini | Plaintiff In Pro Per |
| 3362 Meridian Ct. | |
| Reno, NV 89509 | |

| | |
|---|---|
| Renate DeMartini | Plaintiff In Pro Per |
| 3362 Meridian Ct. | |
| Reno, NV 89509 | |

**By CM/ECF:**  Service was effected by electronically filing the referenced documents in the CM/ECF filing system for the United States District Court for the Northern District of California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 5, 2014, at San Francisco, California.

Lorri Nicolini

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1006203.1