UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAY DEMARTINI, et al.,<br>   Plaintiffs,<br> v.<br>THOMAS CHRISTOPHER JOHNS, et al.,<br>   Defendants. | Case No. 12-cv-03929-JCS<br><br>**ORDER DENYING MOTION TO CORRECT DOCKET**<br>Re: Dkt. No. 107 |

Defendants Johns and Johns & Allyn bring a Motion to Correct the Docket and Dismiss the Action With Prejudice ("Motion"). Defendants contend a docket entry for an Order of the Ninth Circuit that was filed in this case (Docket No. 106) is confusing and incorrect to the extent it appears to reflect that the underlying document is the mandate of the Ninth Circuit (which the parties agree it is not). Therefore, Defendants assert, the Court should remove the document and corresponding docket entry from the docket of this case. The Court DENIES the Motion, which has no merit, and vacates the hearing set for August 25, 2017 at 9:30 a.m.[1]

On December 29, 2015, the undersigned entered an amended judgment in favor of Plaintiffs in this action. Defendants appealed the judgment to the Ninth Circuit, which assigned the appeal Case No. 16-15134. On June 7, 2017, the Ninth Circuit filed a "Memorandum" ("the June 7 Memorandum") in that case and provided this Court with a copy of the June 7 Memorandum. As is the Court's regular practice as to all Orders filed by the Ninth Circuit in this Court's cases that are on appeal, the Clerk filed the June 7 Memorandum in this case. *See* Docket

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

1  No. 106.[2]

2  The Clerk's filing of the Ninth Circuit's Order in this case has no legal significance; it
3  simply reflects action taken by the Ninth Circuit on the appeal. Further, the docket entry for the
4  June 7 Memorandum accurately reflects the nature of that document, describing it as "USCA
5  Memorandum as to 71 Notice of Appeal." The docket entry does not describe the Memorandum
6  as a "Mandate." Therefore, there is nothing incorrect in this Court's docket that requires
7  correction. The Court also notes that when the Ninth Circuit *did* issue its mandate, that document
8  was provided to this Court as well and it was duly filed as Docket No. 109 ("USCA ORDER AND
9  MANDATE"). Contrary to the speculation of Defendants, the Clerk filed the "Order and
10 Mandate" not because it "recognized [its] mistake," *see* Reply at 4, but because it is the Court's
11 practice to file all Orders it receives from the Ninth Circuit in cases pending on appeal, as noted
12 above.

Accordingly, the Court DENIES Defendants' Motion. **The parties shall provide to the Court a Joint Proposed Judgment that the parties agree is consistent with the terms of their settlement agreement in this case no later than September 1, 2017.**

**IT IS SO ORDERED.**

Dated: August 9, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] Similarly, the Court filed the previous Orders of the Ninth Circuit in this case. *See* Docket Nos. 101 (failure to pay filing fee by appellant), 104 (instructing parties they should be prepared to discuss *American Postal Workers Union v. United States Postal Service*, 682 F.2d 1280 (9th Cir.1982) at oral argument) and 105 (denying request to file supplemental briefs).

2